## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1869.

*Hartwell and Widemann, J. J.*

#### THE KING *vs.* APUNA.

A PREVIOUS statement in writing signed by a WITNESS is admissible to discredit him.

VERDICT NOT SET ASIDE because there is evidence conflicting with it.

Complaint for selling opium without license. The defendant appealed to the Circuit Court of the Fourth Circuit, from the judgment of the District Magistrate. Two witnesses, Pahiha and Keliipakaua, testified for the prosecution that they saw the prisoner, at his own house, turn some opium from a large box into a smaller one, which he gave to one Asii ; that they saw Asii then pay the prisoner $2 ; and that they arrested Asii after he left the house. The man Asii testified for the defense, that he was at his own house smoking opium when he was arrested and very roughly treated by the witnesses for the prosecution, while he was smoking some opium which he got from Honolulu ; that he had bought no opium of the prisoner, and was not at his house the day he was arrested. On his cross-examination, he testified that he had given the same evidence before the Magistrate, and that he did not say he got the opium from the prisoner ; whereupon, the Attorney General presented to the witness a paper purporting to be a sworn and witnessed statement, signed by the witness, that the prisoner sold him the opium. The witness said he never saw the paper before, and that he did not know what he did, they beat him so. The defendant's counsel objected to the introduction of this

paper, as extra judicial, upon a collateral matter, and neither written nor properly understood by the defendant, and to the introduction of evidence relating to it; but his objection was overruled, and the paper was allowed to go to the jury as evidence only to affect the witness' credibility. To this ruling, exception was taken. The witness testified, on re-examination, that he was hurt and stunned; did not know that he signed the paper, or what he did; and that Pahiha held his hands. Other witnesses for the defense testified that they saw Asii arrested and dragged off roughly by the policemen, Pahiha and Keliipakaua, Asii calling out for help while the policemen were "banging" him about.

In rebuttal, Kaukaha testified, against the objection of the defendant's counsel, that the paper was signed before him by Asii, willingly; that after Asii was arrested, he asked him if he bought the opium of the prisoner, to which he answered, yes, whereupon he wrote the paper, and read it to Asii, who said he understood it. The Sheriff of Kauai, Fyfe, testified that, at the first trial, Asii had testified that the Chinese figures on the paper were his name, and that he got the opium from the prisoner; also, that Asii answered him in native very well.

The defendant's counsel asked the Court to instruct the jury "that the fact that the witnesses, Pahiha and Keliipa-kaua, did not arrest the prisoner and seize the large box of opium, is a circumstance they may take into consideration, to affect the credit of said witnesses, as it regards the testimony of the alleged sale of opium," and excepted to the Court's refusal to give the instruction.

The jury returned a verdict of guilty. The defendant's counsel moved for a new trial, and his motion was denied. After sentence was pronounced, the defendant moved as follows: "And now comes Apuna, in his own proper person, and offers to give bond and security for the fine against him under the judgment and sentence of the Court, and for the

costs of the prosecution in the case, and for the payment of all costs in the Supreme Court consequent on his motion for a new trial, and the exceptions filed herein," which motion was denied. The defendant's bill of exceptions was allowed.

W. C. Jones for defendant.

The following are defendant's points:

1. The writing signed by the witness Asii, should not have been admitted in evidence, because extra judicial, written in a language imperfectly understood by him, translated and read to him, and marked by him, while a prisoner, beaten and confused, and not knowing what he did at the time, and because the statement was written by a person not authorized by law to write it. [1 Greenleaf's Evidence, Section 462, and Notes; 9 Carrington & Payne, 483, 487; 11 Ald & Ellis, 803.]

2. The Court erred in allowing the Attorney General to cross examine Asii relative to his statement before the Magistrate, without informing him of the nature of the statement, or reading the written statement to him, or exhibiting its contents to him, before such cross examination on the evidence contained in that statement, or his verbal testimony before the Magistrate. [1 Greenleaf on Evidence, Section 462, and Notes; Roscoe's Criminal Evidence, pp. 263, 267: Taylor's Case, 8 Carrington & Payne, p. 726.]

3. The testimony was conflicting, and it is evident the introduction of such testimony as that admitted, has great weight with the jury, and affected the rights of the defendant, and it should have been *altogether excluded*.

4. The Court has the right to modify and correct the judgment of the Circuit Court in exceptions, and if the exceptions are not sustained, the Court, in assessing the punishment of defendant, can take into consideration the two months' imprisonment the defendant has suffered, and the one month's hard labor, without authority of law, which has been inflicted on him.          W. C. JONES,

Attorney for Defendant.

S. H. Phillips, Attorney General, for the Crown.

The Attorney General made the following points:

1. The writing signed by the witness Asii, was competent evidence for the purpose of contradicting him upon a *material* point, (for which purpose, alone, it was admitted.) [1 Phillips on Evidence, 293; 1 Greenleaf Evidence, 462; Baker *vs.* Arnold, 3 Cain R., 279; Lamalere *vs.* Case, 1 Wash., C. C., 413.]

2. The previous inconsistent evidence of Asii, before the Magistrate, was legitimately admitted, to discredit him upon a *material* point. [1 Phillips on Ev., 293, and cases cited in Cowen & Hill's Note, No. 533.]

3. A Court is not bound to give instructions in the words of Counsel, or to single out detached facts, and give them undue prominence, at the request of either side. [Farnum *vs.* Davidson, 3 Cush., 232; Churchill *vs.* Rosebeck, 15 Conw., 359; Den *vs.* Wintermute, 1 Green, 177.]

4. The verdict was warranted by the evidence.

HARTWELL, J.

The defendant's motion for a new trial, as already decided by this Court in the King *vs.* Cornwell, was not properly before the Circuit Court. The refusal of the Court to give the instruction prayed for, could not have injured the defendant, the weight of the evidence and credibility of the witnesses being left to the jury alone. There is no ground in this case to set aside the verdict as without evidence. The question of setting aside verdict on conflicting evidence is so clearly settled, that it is unnecessary to comment upon it. The prior admission of the witness Asii, and the evidence of the policeman were sufficient, if believed, to sustain the verdict.

In regard to the introduction of the written statement and of evidence thereto, after the witness had testified, with corroborating evidence, that he knew nothing about the paper and that it was obtained from him by violence or

misunderstanding, it is enough to say that such evidence is always admissible for the purpose of discrediting a witness. The witness' attention should first be called, as was done here, to the contradictory written or oral statement alleged. The fact that this written paper was sworn to, and only signed by the witness does not affect the general rule, admitting evidence of previous contradictory statement, in matters pertinent to the issue. It was in the discretion of the Court to approve or not, the security offered for a bond conditioned to pay the fine and costs. What that security was, does not appear, and therefore we cannot regard the refusal to approve the bond as an abuse of discretion. The fine of three hundred dollars imposed is within the limits prescribed by law and is not to be set aside as excessive. Exceptions overruled.

Honolulu, October 27th, 1869.